UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE RICE CORPORATION, a Delaware
corporation d/b/a THE RICE COMPANY USA,        Index No.: 13 Civ. 43 (WHP)

                              Plaintiff,

     vs.

EXPRESS SEA TRANSPORT CORPORATION,

                             Defendant.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
SEEKING RECOGNITION OF A FOREIGN MONEY JUDGMENT PURSUANT
TO ARTICLE 53 OF THE NEW YORK CIVIL PRACTICE LAW AND RULES**

                                            Keith B. Dalen, Esq.
                                           Andrew J. Warner, Esq.
                                           HILL RIVKINS LLP
                                           Attorneys for Plaintiff,
                                           The Rice Corporation d/b/a The Rice Company USA
                                           45 Broadway, Suite 1500
                                           New York, New York 10006
                                           Tele: 212-669-0600

## **TABLE OF CONTENTS**

|  |  | Page No. |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| THE UNDERLYING CLAIM | | 1 |
| ARGUMENT | | 3 |
| POINT I: | DEFENDANT HAVING FAILED TO ANSWER OR OTHERWISE APPEAR, PLAINTIFF IS ENTITLED TO THE ENTRY OF A DEFAULT JUDGMENT RECOGNIZING THE ENGLISH HIGH COURT JUDGMENT | 3 |
| POINT II: | THIS COURT SHOULD RECOGNIZE THE ENGLISH COURT JUDGMENT | 4 |
| A. | The English Court Judgment is Conclusive between the Parties | 5 |
| B. | No Basis for Non-Recognition Exists | 5 |
| i. | The English Judicial System is Fair and Impartial | 6 |
| ii. | The English Court Had Personal Jurisdiction over Defendant | 7 |
| iii. | No Discretionary Basis for Non-Recognition is Present | 8 |
| CONCLUSION | | 10 |

## TABLE OF AUTHORITIES

**Case Law**                                                                                       Page No.

*Bonilla v. Trebol Motors Corporation,*
150 F.3d 77 (1st Cir. 1998)..................................................................................................3

*Canadian Imperial Bank of Comm. v. Saxony Carpet Co., Inc.,*
899 F.Supp. 1248 (S.D.N.Y. 1995) ..................................................................................4, 7

*CIBC Mellon Trust Co. v. Mora Hotel Corp. N.V.,*
100 N.Y.2d 215 (2003)........................................................................................................6

*Colonial Bank v. Worms,*
550 F.Supp. 55 (S.D.N.Y. 1982) .........................................................................................7

*Dresdner Bank AG v. Haque,*
161 F.Supp.2d 259 (S.D.N.Y. 2001) ................................................................................6, 8

*Finkel v. Romanowicz,*
577 F.3d 79 (2d Cir. 2009) ..................................................................................................3

*Hilton v. Guyot,*
159 U.S. 113 (1895).............................................................................................................4

*In re Union Carbide Corporation Gas Plant Disaster at Bhopal,*
809 F.2d 195 (2d Cir. 1987); *cert. denied,* 484 U.S. 871, 108 S.Ct. 199 (1987)..............5

*The Society of Lloyd's v. Edelman,*
2005 WL 639412 (S.D.N.Y. 2005)..................................................................................6, 7

**Statutory Authority**

Fed.R.Civ.P. 55(b)(2) ..........................................................................................................1

Fed.R.Civ.P. 55(b)(1)(2).....................................................................................................3

C.P.L.R., Article 53 .........................................................................................................1, 7

C.P.L.R. §5301, *et. seq.* .....................................................................................................4

C.P.L.R. §5303 ................................................................................................................4, 5

C.P.L.R. §5304 ....................................................................................................................5

C.P.L.R. §5304(a)(1) ..........................................................................................................6

C.P.L.R. §5304(a)(2) ............................................................................................................6, 7

C.P.L.R. §5304(b)(1-8) ..............................................................................................................8

C.P.L.R. §5305(a)(2) .................................................................................................................8

C.P.L.R. §5305(b) ......................................................................................................................8

**Other Authority**

Siegel, Practice Commentaries McKinney Cons. Laws of NY,
Book 7B, CPLR C5303:1 at 544 ................................................................................................4

## PRELIMINARY STATEMENT

Defendant, Express Sea Transport Corporation ("ESTC"), was served with a copy of the summons and a brief statement of the case by publication in Panama on August 5, 12, 19 and 26, 2013. As a result of the failure of defendant to answer, the default of defendant was noted on October 8, 2013. Plaintiff, The Rice Corporation d/b/a The Rice Company USA ("TRC") hereby moves pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for the recognition of a foreign country money judgment pursuant to Article 53 of New York Civil Practice Law and Rules.

Article 53 of the New York Civil Practice Law and Rules (C.P.L.R.) sets forth the procedure for recognizing foreign court judgments. Under Article 53, a foreign judgment must be recognized in New York if it is final, conclusive, and enforceable where rendered, and none of the limited grounds for non-recognition exists. New York's policy towards recognizing foreign court judgments is liberal, and recognition is required where, as here, the statutory requirements are met.

## THE UNDERLYING CLAIM

On or about April 4, 2007, TRC, as charterer, and ESTC, as disponent owner, entered into a time charter party on a New York Produce Exchange - Government Form 1946, for the charter of the M/V APOSTOLOS II for a period of between 11 and 13 months.

Disputes arose between the parties regarding the receipt by ESTC of the charter hire payments, with ESTC asserting that TRC was late in making such payments. ESTC thereupon withdrew the vessel from the charter. As a result, TRC demanded

1

arbitration of ESTC on July 23, 2007, as per clause 73 of the charter party, by nominating an arbitrator.

ESTC subsequently named its own arbitrator. The parties then exchanged pleadings and were engaged in the arbitration process when, on April 8, 2009, ESTC approached TRC's solicitor and offered to settle the claim for US$1,275,000.00. TRC accepted the offer. ESTC took the position that the acceptance was untimely, withdrew the offer and refused to pay the settlement.

In view of the dispute on whether TRC's acceptance was timely, TRC asked the arbitration panel to rule on the point. A third arbitrator was then chosen as the dispute concerning the settlement agreement would require oral hearings. Since ESTC argued that the panel was not constituted to decide the issue, the panel was then asked to pass on whether they could properly decide the issue and, if so, whether TRC's acceptance was timely.

On September 23, 2010, the panel issued its award, first finding that it had jurisdiction to hear the dispute and then holding that an enforceable agreement had been entered into by the parties and that TRC was entitled to receive the sum of $1,275,000.00.

TRC then moved before the High Court of Justice in London and obtained an Order permitting TRC to enforce the award in the same manner as a judgment. (Dalen Decl., Exhibit 1, King Decl.).

Suit was commenced on this matter on January 2, 2013, and defendant served, pursuant to the order of the Court, by publication ending on August 26, 2013. With the

2

failure of defendant to answer or otherwise appear, the default of defendant was noted on October 8, 2013. (Dalen Decl., Exhibit 2 (Clerk's Certificate)).

## ARGUMENT

### POINT I

### DEFENDANT HAVING FAILED TO ANSWER OR OTHERWISE APPEAR, PLAINTIFF IS ENTITLED TO THE ENTRY OF A DEFAULT JUDGMENT RECOGNIZING THE ENGLISH HIGH COURT JUDGMENT

Rule 55(b)(1)(2) states in pertinent part as follows:

> **"(b) Entering a Default Judgment.**
>
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. ..."

Generally speaking, a court accepts the well pleaded allegations against a defaulting defendant as true for the purposes of determining liability. *Finkel v. Romanowicz*, 577 F.3d 79, 83 fn. 6 (2d Cir. 2009). While a default judgment bars the defaulting from disputing the facts alleged in the complaint, it preserves for appeal points of law as to whether the facts as alleged state a claim. *Bonilla v. Trebol Motors Corporation*, 150 F.3d 77, 80 (1st Cir. 1998).

In the instant case, plaintiff is seeking recognition of a foreign judgment where the parties have already litigated the merits with plaintiff successfully obtaining a

judgment in the sum of US$1,275,000.00. The actual facts are set forth in the verified petition which the court should accept as true buttressed by the declaration of Mr. James King (Dalen Decl., Exhibit 1), an English solicitor who has first-hand knowledge of the circumstances surrounding the issuance of the award and the subsequent judgment.

### POINT II

### THIS COURT SHOULD RECOGNIZE THE ENGLISH COURT JUDGMENT

TRC has an English High Court money judgment against Defendant, which is valid and enforceable under the laws of England. This judgment is entitled to recognition under the laws of New York, and no grounds for non-recognition exist. Therefore, this Court should recognize the English High Court judgment.

Recognition and enforcement of foreign court judgments is governed by principles of comity. *Hilton v. Guyot,* 159 U.S. 113, 163-64 (1895). New York State codified the rules for granting comity to a foreign court money judgment in the Uniform Foreign Country Money-Judgment Recognition Act, C.P.L.R. § 5301, *et seq.* Under this act, courts in New York State must recognize any foreign-country money judgment that is final, conclusive, and enforceable where rendered, unless specific enumerated grounds for non-recognition are present. C.P.L.R. § 5303; *Canadian Imperial Bank of Comm. v. Saxony Carpet Co., Inc.,* 899 F. Supp. 1248, 1252 (S.D.N.Y. 1995). Siegel, Practice Commentaries McKinney Cons. Laws of NY, Book 7B, CPLR C5303:1 at 544 ("Unless one of the grounds listed in C.P.L.R. § 5304 for refusing recognition is applicable, C.P.L.R. § 5303 requires the courts to treat the foreign judgment as conclusive.") New York state law applies to

4

foreign country money judgment recognition actions in federal courts. *In re Union Carbide Corporation Gas Plant Disaster at Bhopal*, 809 F.2d 195, 204 (2d Cir. 1987); *cert. denied*, 484 U.S. 871, 108 S.Ct. 199 (1987).

A.  **The English Court Judgment is Conclusive between the Parties**

C.P.L.R. § 5303 states that a foreign country judgment that is final, conclusive, and enforceable where rendered is conclusive between the parties to the extent that it grants or denies recovery of a sum of money.

The English High Court judgment at issue here is a judgment of the English High Court. By its terms, it enters judgment against Defendant, ESTC, in the amount of $1,275,000.00.

This judgment is final, conclusive, and enforceable where rendered. (Dalen Decl., Exhibit 1, King Decl. ¶7). Further, it is for a sum of money. Therefore, it is conclusive as to TRC's claim against Defendant, and should be recognized by this Court.

B.  **No Basis for Non-Recognition Exists**

C.P.L.R. § 5304 prescribes the only grounds upon which a court can refuse to recognize a valid foreign court judgment. Two of these grounds are mandatory, and eight are discretionary. The foreign judgment must be recognized by this Court if none of these grounds exists.

The plaintiff must show, *prima facie,* that no mandatory ground for non-recognition exists; the defendant has the burden of establishing any discretionary bases

5

for non-recognition. *Dresdner Bank AG v. Haque,* 161 F. Supp. 2d 259, 263 (S.D.N.Y. 2001).

The first ground for mandatory non-recognition is that the "judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law." C.P.L.R. § 5304(a)(1). The second ground for mandatory non-recognition is that the foreign court lacked personal jurisdiction over the defendant. C.P.L.R. § 5304(a)(2).

Here, the English judicial system's fairness is unimpeachable, and personal jurisdiction exists because Defendant voluntarily appeared in the English Arbitration. Therefore, since neither mandatory basis for non-recognition exists, the judgment should be recognized.

### i. The English Judicial System is Fair and Impartial

The English courts provide an indisputably fair system for adjudicating claims, and afford parties substantial due process rights. The judgment against Defendant was duly granted in accordance with English procedure. Thus, systemic unfairness is not a valid basis for refusing to recognize the English court judgment.

Many courts in this district and beyond have found that the English judicial system provides an eminently fair forum for adjudicating claims. *See The Society of Lloyd's v. Edelman,* 2005 WL 639412, at *4 (S.D.N.Y. 2005) (collecting cases); *CIBC Mellon Trust Co. v. Mora Hotel Corp. N. V.,* 100 N.Y.2d 215, 222 (2003) ("[c]onsidering that our own jurisprudence is based on England's, a defendant sued on an English judgment will rarely be in a position to defeat it with such a showing." *(citation omitted))*. Courts in this district have granted

6

recognition to default judgments entered by the English High Court, and found that the English courts' procedures do not violate due process. *Colonial Bank v. Worms,* 550 F. Supp. 55, 58-59 (S.D.N.Y. 1982).

Judgments by English courts are regularly recognized in New York. Indeed, "New York case law dictates that the exceptions involving jurisdictional defects or procedural unfairness be construed especially narrowly when the alien jurisdiction is . . . a sister common law jurisdiction with procedures akin to our own.'" *Canadian Imperial Bank,* 899 F. Supp. at 1252. When considering fairness, the court must look to the fairness of the system as a whole, and not to any alleged unfairness in the particular action. *Edelman,* 2005 WL 639412, at *4.

Here, the judgment TRC seeks to enforce was duly entered by an English court. There can be no serious doubt that the English judicial system provides due process for fair adjudication of claims. Therefore, Defendant cannot object to the fairness of the judicial system where the judgment was obtained.

### ii.     The English Court Had Personal Jurisdiction over Defendant

The English court had personal jurisdiction over Defendant under English law. Defendant appeared in the London Arbitration and participated in the arbitration, presenting pleadings. Therefore, under English law, Defendant was deemed to accept the tribunal's personal jurisdiction. (Dalen Decl., Exhibit 1, King Decl. ¶3).

Under Article 53, a foreign country judgment should not be recognized if the foreign court did not have personal jurisdiction over the defendant. C.P.L.R. §5304(a)(2). However, lack of personal jurisdiction is no defense if the defendant voluntarily appeared in the foreign proceedings, other than for the purpose of protecting

7

seized property or contesting the jurisdiction. C.P.L.R. §5305(a)(2). Personal jurisdiction may also be found under the catch-all provision, C.P.L.R. §5305(b), whereby courts "may recognize other bases of jurisdiction."

    iii.    **No Discretionary Basis for Non-Recognition is Present**

A foreign judgment must be enforced if the plaintiff establishes that the two mandatory grounds for non-recognition are absent, unless the defendant establishes one of the discretionary grounds. Although the burden of establishing discretionary grounds for non-recognition is always on the defendant *(Dresdner Bank,* 161 F. Supp. 2d at 263), it is clear that none applies here.

The eight discretionary grounds for non-recognition are: (1) the foreign court lacked jurisdiction over the subject matter; (2) the defendant did not receive notice of the proceedings in sufficient time to enable him to defend; (3) the judgment was obtained by fraud; (4) the cause of action on which the judgment is based is repugnant to the public policy of New York; (5) the judgment conflicts with another final and conclusive judgment; (6) the proceeding in the foreign country was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court; (7) in the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action; or (8) the cause of action resulted in a defamation judgment. C.P.L.R. §5304(b)(1-8).

None of the discretionary grounds exists here (Dalen Decl., Exhibit 1, King Decl.):

8

1. ESTC entered into an arbitration agreement contained in a charter party and nominated its own arbitrator and participated in the litigation;

2. ESTC received notice of the appointment of TRC's arbitrator and appointed its own arbitrator;

3. A review of the award shows that it was fully litigated and the decision fully supported by the facts;

4. There is no suggestion that enforcement of a settlement agreement in any way is repugnant to the public policy of New York;

5. The arbitration - to which both parties submitted - was fully in accord with the charter party agreement to which both parties were signatories;

6. There is no other judgment or award that would conflict with the present award and judgment.

7. The jurisdiction was not based solely upon personal service upon the defendant;

8. This is not a defamation claim.


Because TRC has a conclusive judgment against Defendant and no grounds for non-recognition exist, the Court should grant comity and recognize the judgment of the English court.

## CONCLUSION

For the foregoing reasons, TRC respectfully submits that this Court should enter an Order and Judgment recognizing the judgment of the English High Court in the form attached (Dalen Decl., Exhibit 3).

Dated: New York, New York
       November 8, 2013

                          Respectfully submitted,

                          HILL RIVKINS LLP
                          Attorneys for Plaintiff,
                          The Rice Corporation
                          d/b/a The Rice Company USA

By: _____
      Keith B. Dalen
      Andrew J. Warner
      45 Broadway, Suite 1500
      New York, NY 10006
      Tele: 212-669-0600